UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-505-S

**JAMES HENRY WARREN**                                                               **PLAINTIFF**

**v.**

**BUREAU OF PRISONS**                                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

**I.**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. Along with his complaint, he also filed a "prisoner application to proceed without prepayment of fees." From the face of the complaint and the application, however, it appeared that Plaintiff was no longer incarcerated. Accordingly, by Order entered October 9, 2007, the Court denied Plaintiff's prisoner application to proceed without prepayment of fees. The Court further ordered Plaintiff to complete and file the non-prisoner application to proceed without prepayment of fees within 30 days of the entry of its Order. Plaintiff failed to comply with the Court's Order, and the Court assessed the full $350.00 filing fee against him. When Plaintiff then failed to pay the fee within thirty days, the Court dismissed this action. Shortly thereafter, after being re-incarcerated, Plaintiff filed a notice of change of address. Plaintiff then received the Court's prior Order instructing him to pay the fee. Plaintiff complied and paid the $350.00 filing fee in full. By this time, however, this action had already been dismissed. Plaintiff has now filed a motion (DN 10) asking the Court to reopen this action. He has also filed a motion for appointment of counsel (DN 11). In his motion to reopen, Plaintiff explains that he has moved several times over a brief period of time since being incarcerated and that the numerous moves made it exceedingly difficult for him to keep the Court apprised of his address. Based on a review of the motion, the Court finds that Plaintiff has shown

good cause for his failure to timely comply with the Court's Orders and has now fully complied by paying the filing fee. Accordingly, Plaintiff's motion to reopen (DN 10) is **GRANTED**. The Clerk of Court is **DIRECTED** to **REOPEN** this action.

## II.

Having reopened this action, the Court is now required to screen it pursuant to 28 U.S.C. § 1915A. This statute requires the Court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to screen his complaint before service on Defendants. *Id.*

On initial review the Court must dismiss an action if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65

(citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff has sued one defendant, the Federal Bureau of Prisons. He explains that Defendant violated his constitutional rights by incorrectly calculating his good time credits. As a result, Plaintiff alleges that he was required to serve fourteen years of his fifteen-year federal sentence when, in fact, he should have only been required to serve twelve years and six months. Plaintiff is seeking both compensatory and punitive damages.

A plaintiff may file suit in federal court arising from a violation of plaintiff's constitutional rights by persons acting under the color of *federal* law. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. Gen. Elec. Co.*, 812 F.

Supp. 308, 322 (N.D.N.Y. 1993). However, a *Bivens* cause of action is only available against federal officers in their individual capacities, not the federal agency which employs the persons acting under federal law or the federal government itself. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (refusing to find a *Bivens* remedy against a federal agency); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government.").

If Plaintiff desires to maintain suit, he must sue the federal officers allegedly responsible, not merely the federal agency that employs them. Thus, Plaintiff's claims against the Federal Bureau of Prisons must be dismissed. The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

### III.

Because the Court is dismissing this action for failure to state a claim, the Court **DENIES** Plaintiff's motion for appointment of counsel (DN 11) **as moot**.

Date:

cc: Plaintiff, *pro se*

4411.008